UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JANYDA HESTER, | : | Civ. No. 15-1766 (MCA) |
| Plaintiff, | : | |
| v. | : | REPORT AND RECOMMENDATION |
| ADVANCED CALL CENTER TECHNOLOGIES, | : | |
| Defendant. | : | |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court on this Court's February 17, 2016 Order to Show Cause why Plaintiff's, Janyda Hester ("Plaintiff"), Complaint should not be dismissed for failure to prosecute. D.E. 22. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral argument and has considered this matter on the papers. For the reasons below, the Court respectfully recommends that the District Court dismiss Plaintiff's Complaint.

### I. BACKGROUND

Plaintiff filed the instant Complaint against Defendant Advanced Call Center Technologies, on March 10, 2015. D.E. 1. Plaintiff's Complaint alleges violations under the Telephone Consumer Protection Act ("TCPA"), 42 U.S.C. § 227. Id. Defendant filed its Answer to the Complaint on May 18, 2015. D.E. 4. The Court then scheduled an initial scheduling conference for September 24, 2015. See Letter Order, July 30, 2015, D.E. 6; Scheduling Order, Sept. 24, 2015, D.E. 9.

On November 16, 2015, Plaintiff filed a motion to amend/correct the Complaint, seeking to add a second count under the Fair Debt Collection Practices Act. Motion to Amend, Nov. 16,

2015, D.E. 12.  By way of Order dated January 5, 2016 [D.E. 18], the Court denied Plaintiff's motion.  On January 27, 2016, defense counsel submitted a letter to the Court, requesting a telephone conference due to Plaintiff's failure to submit to a deposition.  Def.'s Letter, Jan. 27, 2016, D.E. 19.  The letter stated that defense counsel had scheduled "Plaintiff's deposition on two occasions and both dates have been adjourned by Plaintiff[,]" the first one being adjourned due to an illness, and the second being adjourned because Plaintiff's "counsel could not confirm same with Plaintiff, nor had they been in contact with Plaintiff to prepare for the deposition." Id. In response to defense counsel's letter, the Court issued a Text Order directing Plaintiff's counsel to convey to defense counsel three alternative dates on which Plaintiff's deposition may take place, and that "Defendant shall choose one of those dates and so inform Plaintiff's counsel and the Court by February 8, 2016."  Text Order, Feb. 1, 2016, D.E. 20.  The Text Order further stated that "[i]f Plaintiff and Plaintiff's counsel fail to appear for the deposition once it is set, Plaintiff will be required to show cause before this Court why the Complaint should not be dismissed for failure to prosecute and failure to comply with Court Orders." Id.  On February 8, 2016, defense counsel informed the Court that they have not received dates from Plaintiff's counsel for Plaintiff's deposition, and that they received an email from Plaintiff's counsel advising that Plaintiff has been nonresponsive and that counsel would be filing a motion to withdraw as Plaintiff's counsel.  Def.'s Letter, Feb. 8, 2016, D.E. 21.

On February 17, 2016, the Court issued an Order to Show Cause that, "no later than March 1, 2016, Plaintiff shall submit a letter showing cause why the complaint should not be dismissed for failure to prosecute this action and adhere to the Court's Orders; [and] that Plaintiff's failure to respond will result in recommendation that the United States District Judge

dismiss the case for failure to prosecute under Fed. R. Civ. P. 41." Show Cause Order, Feb. 17, 2016, D.E. 22. Plaintiff's counsel responded to the Order, informing the Court that they have made several attempts to contact Plaintiff, by regular and certified mail, telephone, and social media, but have not received any response. Pl. Counsel's Letter, Feb. 23, 2016, D.E. 23. Plaintiff's counsel further stated her intention to seek to withdraw as counsel. Id.[1]  On February 29, 2016, defense counsel submitted a letter to the Court requesting that Plaintiff's Complaint be dismissed with prejudice. Def.'s Letter, Feb. 29, 2016, D.E. 24.

## II. LEGAL ANALYSIS

### A. Standards for Dismiss under Federal Rule of Civil Procedure 41(b)

Dismissal of a Plaintiff's complaint may be appropriate under Federal Rule of Civil Procedure 41(b) "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit provided the factors that this Court must weigh in determining whether to dismiss a complaint pursuant to Fed. R. Civ. P. 41(b). Specifically, the Court must consider six factors in deciding whether the sanction of dismissal is appropriate: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868; *Emerson v. Thiel College*, 296 F.3d 184, 190 3d Cir. 2002) (applying *Poulis* factors). No single *Poulis*

---

[1] While Plaintiff's counsel references her intent to seek to withdraw as counsel, the Court has not received any formal motion from counsel regarding same. Accordingly, the Court will deny without prejudice counsel's application.

factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *Hovey v. LaFarge North America Inc.*, Civ. No. 07-2193, 2008 WL 305701, *2 (D.N.J. Jan. 29, 2008) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). *See also Rosado v. Adams*, Civ. No. 07-1914, 2009 WL 1181217, *1-3 (M.D. Pa. April 30, 2009) (applying *Poulis* analysis to dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)); *Vrlaku v. Citibank*, Civ. No. 05-1720, 2005 WL 2338852, *2-3 (D.N.J. Sept. 23, 2005) (same, and noting that "[a] Court may raise a motion to dismiss an action under Rule 41 sua sponte under its inherent case management powers."). *See also ODTA Systems LLC v. Daewood Electronics America*, 483 F. Supp. 2d 400, 404 (D.N.J. 2007) ("Failure to prosecute does not require that a party take affirmative steps to delay the case. A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution.") (citations omitted). While not all these factors necessarily apply in every case, the Court is obligated to consider any factors that do apply.

### i. The extent of the party's personal responsibility

In the instant case, Plaintiff has failed to respond to discovery requests, appear for her deposition, which has been rescheduled on multiple occasions, or provide a date on which she would be able to appear for her deposition. In addition, Plaintiff has refused to comply with this Court's orders. Despite numerous attempts by counsel to contact Plaintiff in order to schedule her deposition and to fulfill discovery obligations, Plaintiff has been completely unresponsive. As a result, this case has been brought to a virtual standstill with no indication that Plaintiff intends to continue to prosecute her claims. Accordingly, the Undersigned can only conclude

that Plaintiff does not intend to further litigate her claims and has willfully chosen to abandon her suit.

Accordingly, the first *Poulis* factor weighs in favor of dismissal.

### ii.     Prejudice to the Adversary

The Court must next consider whether Plaintiff's failure to prosecute this litigation has prejudiced Defendant. Prejudice is not limited to irreparable harm, but may include depriving a party of necessary information or the ability to prepare for trial. *Clarke*, 153 Fed. Appx. at 73 (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-24 (3d Cir. 2003) (finding that plaintiff's delay and failure to comply with discovery requests prejudiced defendant); *Porten v. Auto Zone*, Civ. No. 10-2629, 2011 WL 2038742, *2 (D.N.J. May 24, 2011) (relying on *Clarke* and *Ware* to find prejudice to defendant and grant dismissal motion where plaintiff apparently abandoned claims).

In this case, Plaintiff's inactivity and failure to comply with the Court's orders has prejudiced Defendant. Defendant has been unable to prepare a defense of this matter because Plaintiff has failed to furnish certified discovery responses, appear for her deposition on at least two occasions, or provide an alternative deposition date. In short, Plaintiff's non-responsiveness has stalled Defendant's ability to defend itself. Despite numerous attempts, Defendant is unable to take discovery from Plaintiff, thereby inhibiting it from fully investigating Plaintiff's claims.

Accordingly, this *Poulis* factor favors dismissal of Plaintiff's claims.

### iii.    History of Dilatoriness and Bad Faith

The third and fourth *Poulis* factors require the Court to consider the extent and history of Plaintiff's dilatoriness and whether he has acted in bad faith. Clearly, since approximately

November, during which time answers to written discovery were due and Plaintiff failed to provide certified responses, Plaintiff has, by all appearances, abandoned prosecution of this matter. Had Plaintiff's record of non-compliance over the past four months not been so complete, or had the period of non-compliance been shorter, this factor might not weigh in Defendants' favor. But the record before the Court establishes that for four months, Plaintiff has made no effort to comply with her obligations in prosecuting these claims or to explain to the Court and counsel her inability to do so. Therefore, the Court must conclude on the record before it that Plaintiff's failure to comply with its orders was willful and that she has chosen not to pursue her claims. *Porten*, 2011 WL 2038742, *2. Accordingly, this factor favors dismissal of Plaintiff's claims.

### iv. Alternative Sanctions

This factor also favors dismissal, for several reasons. First, Plaintiff's failure to comply with the Court's orders or explain her inability to do so strongly suggests that Plaintiff has abandoned her claims. *Porten*, 2011 WL 2038742, *3. Second, the United States Court of Appeals for the Third Circuit has recognized that monetary sanctions such as fines, costs, and attorneys' fees may be inappropriate or impractical in certain situations. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002).

### v. Meritoriousness of the Claim or Defense

Finally, the Court must consider the merits of Plaintiff's claims and Defendant's defenses. However, the Court cannot adequately assess this factor due to Plaintiff's failure to comply with Court orders or appear for her deposition. *Porten*, 2011 WL 2038742, *3 (citing *Devito v. C.M.S. Dep't*, Civ. No. 05-3438, 2006 WL 756014, *3 (D.N.J. March 17, 2006)).

### III. CONCLUSION

On balance, each of the pertinent *Poulis* factors weighs in favor of dismissal. Therefore, the Undersigned respectfully recommends that the District Court dismiss Plaintiff's Complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

s/ Michael A. Hammer
**UNITED STATES MAGISTRATE JUDGE**

**Date: March 10, 2016**